KIRAN S. LOPEZ (SBN 252467)
kirlopez@tesla.com
CHRISTOPHER E. DAWOOD (SBN 281054)
cdawood@tesla.com
Tesla, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 239-1413

Attorney for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA SANTANA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:23-at-00990<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**<br><br>San Joaquin County Superior Court<br>Case No. STK-CV-UOE-2023-0009117<br><br>*Complaint Filed: August 23, 2023* |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Tesla") hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332, codified in relevant part at 28 U.S.C. §1332. Tesla states that removal is proper for the following reasons.

## I.  PROCEDURAL BACKGROUND IN STATE COURT

On August 23, 2023, Plaintiff Vanessa Santana ("Plaintiff") filed a Complaint entitled, "*VANESSA SANTANA, an individual, Plaintiff v. TESLA MOTORS, INC., a Delaware corporation; and DOES 1-10, inclusive, Defendants,*" San Joaquin County Superior Court Case No. STK-CV-UOE-2023-0009117 (the "Complaint"). The Complaint alleges one cause of action for Disability Discrimination (Govt. Code §12940(a). A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On August 29, 2023 Tesla was served with copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Notice of Hearing, and Complaint through its agent for service of process, CT Corporation, in Glendale, California. *See* concurrently filed Declaration of Kiran S. Lopez ("Lopez Decl.") at ¶2 and Exhibit A (service package).

Exhibit 1 attached hereto and Exhibit A to the concurrently filed Lopez Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in the San Joaquin County Superior Court prior to filing of this Notice of Removal. Lopez Decl. at ¶3. A Case Management Conference has been scheduled in the San Joaquin County Superior Court for February 20, 2024. *Id.*

## II.  TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service of the Complaint on Tesla, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 119 S. Ct. 1322, 1325 (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.  THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. A Notice of Removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 …" *Ellenburg v. Spartan Motos Chassis, Inc.* (4th Cir. 2008) 519 F.3d 192, 200 (internal quotes and brackets omitted).

**A.     There Is Complete Diversity Of Citizenship In This Case**

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's.

**1.     *Plaintiff Is A Citizen Of California***

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090 ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that "all of the matters complained of herein occurred in the County of San Joaquin, California." Complaint at ¶1. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

**2.     *Tesla Is Not A Citizen Of California***

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

(2010) 559 U.S. 77, 92-93 (emphasis added).

Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business and headquarters in Austin, Texas.[1] Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times, Tesla is and has been a citizen of the States of Delaware and Texas.

### 3. *Doe Defendants Should Be Disregarded*

Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §133; *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the real Defendant, Tesla, have diverse citizenship.

### B. The Amount In Controversy Requirement Has Been Met

### 1. *Standard To Demonstrate Amount In Controversy*

While Tesla denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.* (9th Cir. 1996) 102 F.3d 398, 403-404) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate*

---

[1] Tesla's Form 10-K for the fiscal year ended December 21, 2022, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

NOTICE OF REMOVAL

*Ins. Co.* (9th Cir. 2004) 372 F.3d 1115, 1117 (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700 ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n.* (9th Cir. 1963) 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co.* (N.D. Cal. 1998) 994 F. Supp. 1196, 1198 ("amount in controversy" includes claims for general and special damages). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 only by a preponderance of the evidence, not to a legal certainty.

In the Complaint, Plaintiff requests (1) compensatory economic damages, including lost wages (past and future) and other employment benefits; (2) compensatory noneconomic (general) damages; (3) special damages; (4) costs of suit and attorneys' fees; and (5) punitive damages. Complaint at Prayer for Relief, 5:18-28. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

### 2. *Damages Sought Exceed $75,000*

Although Tesla denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails, Plaintiff is seeking an award of general and punitive damages. *Id.* Plaintiff alleges she "has suffered (and continues to suffer) substantial economic injuries/damages, including, but not limited to, lost wages (past and future) and other employment benefits … substantial emotional distress injuries and other general (noneconomic) damages." *Id.* at ¶¶23-24. Plaintiff also seeks to recover punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here, for a defendant of Tesla's size, it is probable that a punitive damages award,

NOTICE OF REMOVAL

if assessed, would exceed $75,000.00.

### 3.   *Verdicts In Cases With Similar Claims Exceed $75,000*

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech*. (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1033; *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980. California jury verdicts in cases involving claims similar to Plaintiff's often exceed $75,000. *See, e.g.*, *Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp*. (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims).

Because Plaintiff's allegations that she was harassed, discriminated against, and wrongfully constructively terminated based upon his race/color/ancestry and disability are similar to the claims and issues raised in the cases cited above, these awards demonstrate that, for diversity purposes, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

### 4.   *Attorneys' Fees Exceed $75,000*

Plaintiff also seeks attorneys' fees. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp*. (San Diego County Sup. Ct. Sept. 14, 2006) 2007 WL 2827715 (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles* (Los Angeles County Sup. Ct. March 21, 2005) 2005 WL 3729094, Case No. BC298898 (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College* (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

Consequently, because there is complete diversity of citizenship and the amount in controversy

clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

**IV.     VENUE**

Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446. This action originally was brought in the Superior Court of the State of California, San Joaquin County, which is located within the Eastern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**V.      SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT**

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and her counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, San Joaquin County.

**VI.     PRAYER FOR REMOVAL**

WHEREFORE, Tesla prays that this civil action be removed from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

DATED: September 28, 2023                    Respectfully submitted,

TESLA, INC.

By: */s/ Kiran S. Lopez*
Kiran S. Lopez
Attorney for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

7

# EXHIBIT 1

1  Marshall A. Caskey, Esq. SBN 065410
   mcaskey@caskeyholzman.com
2  Daniel M. Holzman, Esq. SBN 176663
   dholzman@caskeyholzman.com
3  N. Cory Barari, Esq. SBN 295306
   nbarari@caskeyholzman.com
4  **CASKEY & HOLZMAN**
   24025 Park Sorrento, Suite 400
5  Calabasas, CA 91302
6  Telephone: (818) 657-1070
   Facsimile: (818) 657-1066
7
   Attorneys for Plaintiff,
8  VANESSA SANTANA

Electronically Filed
Superior Court of California
County of San Joaquin
2023-08-23 09:04:43
Clerk: Kacey Sutton

Case Management Conference
2024-02-20 8:30AM in 10C

9
## SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
## FOR THE COUNTY OF SAN JOAQUIN
11

12  VANESSA SANTANA, an individual,

13  Plaintiff,

14  v.

15  TESLA MOTORS, INC., a Delaware
16  corporation, and DOES 1-10, inclusive,

17  Defendants.

18

19

**Case No.:** STK-CV-UOE-2023-0009117

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**
  1. Disability Discrimination in Violation of Cal. Gov. Code § 12940(a)

**DEMAND FOR JURY TRIAL**

20  Plaintiff Vanessa Santana, an individual ("Plaintiff" or "Santana"), alleges:

21  1.  All of the matters complained of herein occurred in the County of San Joaquin,

22  California.

23  2.  Defendant Tesla Motors, Inc. ("Defendant" or "Tesla") is, and at all relevant times

24  mentioned herein was, a Delaware corporation conducting business in the County of

25  San Joaquin, California.  Defendant employs in excess of 5 employees.

26  3.  The true names and capacities of the defendants named as Does 1 through 20,

27  inclusive, whether individual, corporate, associate, or otherwise, are unknown to

28  Plaintiff, who, therefore, sues such defendants by fictitious names, pursuant to Code

**COMPLAINT FOR DAMAGES - 1**

1   of Civil Procedure § 474.  Plaintiff is informed and believes, and thereon alleges that,

2   Does 1 through 20 are California residents.  Plaintiff will amend this complaint to

3   show such true names and capacities when they have been ascertained.

4.  4.   In committing the acts herein alleged, Plaintiff is informed and believes, and thereon

5   alleges that, at all relevant times mentioned herein, each of the defendants was the

6   agent and/or employee of each of the other defendants and, in doing the things

7   alleged below, was acting within the course and scope of their authority as agents

8   and/or employees with the permission and consent of their co-defendants, who

9   therefore ratified the conduct of the other defendants.

10  5.   The defendants identified above shall collectively be referred to throughout this

11  complaint as "Defendants."

12  6.   Prior to bringing this action, Plaintiff timely filed a complaint with the California

13  Department of Fair Employment and Housing ("DFEH") as to the claims and causes

14  of action alleged in this lawsuit.  Plaintiff received a right-to-sue or "Notice of Case

15  Closure" form from the DFEH as to Plaintiff's complaint.  Therefore, before

16  commencing this action, Plaintiff properly exhausted her administrative remedies.

17  Attached as **Exhibit A** to this complaint and incorporated herein by reference is a true

18  and correct copy of Plaintiff's complaint of discrimination and the Notice of Case

19  Closure form dated August 22, 2023.

20  **FACTUAL ALLEGATIONS**

21  7.   Plaintiff is a 31-year-old woman with a hearing impairment rendering her deaf.

22  However, Plaintiff is able to perform virtually all of her daily tasks without issue,

23  including driving and communicating with colleagues using a combination of oral

24  speech, lip-reading, and American Sign Language (ASL).

25  8.   On or around December 15, 2021, Plaintiff received her certification to operate a

26  forklift.

27  9.   In or around October 2022, Plaintiff applied for employment at Tesla's facilities in

28  Lathrop.  Plaintiff specifically applied for an open Material Handler position, a job

**COMPLAINT FOR DAMAGES - 2**

1    which would potentially allow her to utilize her forklift certification and start a career
2    with upward trajectory at Tesla.

3    10.   As part of the application process, Plaintiff disclosed to Defendant that she was deaf.
4          Plaintiff also learned that the position would indeed entail using Materials Handling
5          Equipment (MHE), something which Plaintiff was capable of performing.

6    11.   At all relevant times alleged herein, Plaintiff was qualified for the Material Handler
7          position and was able to perform the essential job responsibilities of the position, with
8          or without reasonable accommodation.

9    12.   In late October 2022, Defendant invited Plaintiff to attend an onsite interview for the
10         position on November 2, 2022.  Attached as **Exhibit B** is a true and correct copy of
11         the email Plaintiff received from Tesla employee Jeremy Silva ("Silva") on October
12         31, 2022 confirming Plaintiff's interview.

13   13.   On November 2, 2022, Plaintiff arrived at Tesla's facilities for her interview.
14         However, after waiting in Tesla's warehouse for some time, Plaintiff was eventually
15         asked to go home, purportedly because Tesla did not have an ASL interpreter
16         available for her.  A Tesla representative told Plaintiff that Tesla would reach out to
17         her to reschedule her interview after it had arranged for an ASL interpreter.

18   14.   Plaintiff waited for approximately 11 days but never heard anything further from
19         Tesla.  Finally, on November 13, 2022, Plaintiff sent an email to Silva stating, "Hello,
20         I'm still waiting for reschedule with interpreter."

21   15.   The next day, on November 14, 2022, Silva responded to Plaintiff, "We will
22         unfortunately not be able to reschedule as you had put 'Yes' for the MHE question on
23         our form we had sent you.  Since you had said you are deaf, you will not be able to
24         hear other PIT drivers honking their horn which is critical for safety and operating
25         MHE is a requirement for this position.  Thank you and have a great day."

26   16.   That same day, Plaintiff responded to Silva, "I do have certification pick order.  That
27         is discrimination".  However, on November 15, 2022, Silva replied, "We are not
28         saying you can't work at Tesla at all, please feel free to apply for other positions with

us.  For Material Handler though, you must be able to hear in order to safely operate our MHE."  Attached as **Exhibit C** is a true and correct copy of Plaintiff's email chain with Silva between November 13 and 15, 2022.

17.   Plaintiff was ultimately never permitted to interview for the open Material Handler position and was instead summarily denied the hiring and/or opportunity to receive training leading to employment due to her perceived disability.

## FIRST CAUSE OF ACTION

**Disability Discrimination in Violation of Cal. Gov. Code § 12940(a)**

**(Against all Defendants)**

18.   Plaintiff incorporates by reference paragraphs 1 through 17 of this complaint as if fully set forth herein.

19.   At all relevant times alleged herein, Plaintiff applied for employment with Defendants.

20.   At all relevant times alleged herein and as described above, Defendants perceived and/or regarded Plaintiff as suffering from a disability, specifically a hearing impairment.

21.   At all relevant times alleged herein, Plaintiff was able to perform the essential job duties of the position with or without reasonable accommodation.

22.   At all relevant times alleged herein, Defendants refused to hire Plaintiff and/or refused to select Plaintiff for a training program leading to employment because of Defendants' perception that Plaintiff was disabled.

23.   As a proximate result of Defendants' conduct, Plaintiff has suffered (and continues to suffer) substantial economic injuries/damages, including, but not limited to: lost wages (past and future) and other employment benefits, in an amount according to proof.

24.   As a proximate result of Defendants' conduct, Plaintiff has suffered (and continues to suffer) substantial emotional distress injuries and other general (noneconomic) damages, in an amount according to proof.

1    25.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

2    26.    In doing the acts alleged herein, Defendants intended to cause injury to Plaintiff and

3           acted in willful, deliberate, and conscious disregard of Plaintiff's rights under Cal.

4           Gov. Code § 12940(a).  As a proximate result of Defendants' wrongful acts described

5           above, Plaintiff is entitled to recover punitive damages against Defendants, and each

6           of them, in an amount according to proof.

7    27.    Because the conduct alleged above violates Cal. Gov. Code § 12940(a), Plaintiff is

8           entitled to entry of a "cease and desist" order permanently enjoining Defendants from

9           violating Cal. Gov. Code § 12940(a), and for issuance of an order mandating that

10          Defendants undergo anti-discrimination in employment training to eliminate,

11          eradicate and prevent the recurrence of violation(s) of Cal. Gov. Code § 12940(a),

12          pursuant to *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121 and Cal.

13          Gov. Code § 12970.

14   28.    Because the conduct alleged above violates Cal. Gov. Code § 12940(a), Plaintiff is

15          entitled to issuance of a declaration from this court that Defendants engaged in

16          unlawful discrimination against Plaintiff in violation of Cal. Gov. Code § 12940(a),

17          pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## **PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

20   (1)    For an award to Plaintiff of compensatory economic damages, including lost

21          wages (past and future) and other employment benefits, in an amount according to

22          proof;

23   (2)    For an award to Plaintiff of compensatory noneconomic (general) damages, in an

24          amount according to proof;

25   (3)    For an award to Plaintiff of special damages, in an amount according to proof;

26   (4)    For an award to Plaintiff of costs of suit incurred herein, including an award to

27          Plaintiff of reasonable attorney fees pursuant to Cal. Gov. Code § 12965(b);

28   (5)    For an award to Plaintiff of punitive damages, in an amount according to proof;

1     (6)    For issuance of a declaration that Defendants engaged in unlawful conduct in

2             violation of Cal. Gov. Code § 12940, pursuant to *Harris v. City of Santa Monica*

3             (2013) 56 Cal.4th 203;

4     (7)    For issuance of a "cease and desist" order permanently enjoining Defendants from

5             violating Cal. Gov. Code § 12940, and for issuance of an order mandating

6             Defendants undergo anti-discrimination in employment training to eliminate,

7             eradicate and prevent the recurrence of violation(s) of Cal. Gov. Code § 12940,

8             pursuant to *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121 and

9             Cal. Gov. Code § 12970; and

10     (8)    For an award to Plaintiff of such other and further relief as this honorable Court

11             deems just, proper and in furtherance of the legislative intent of Cal. Gov. Code

12             § 12940 *et seq.*

13

14                         **CASKEY & HOLZMAN**

15

16 Dated: August 23, 2023           By: _____

17                            Daniel M. Holzman, Esq.

                             N. Cory Barari, Esq.

18

19                          Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff demands a trial by jury in this action.

3

4                                              **CASKEY & HOLZMAN**

5

6    Dated: August 23, 2023                   By: _____
                                                  Daniel M. Holzman, Esq.
7                                                 N. Cory Barari, Esq.

8                                              Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 22, 2023

Neama Barari
24025 Park Sorrento, Suite 400
Calabasas, CA 91302

RE:     **Notice to Complainant's Attorney**
        CRD Matter Number: 202308-21710922
        Right to Sue: Santana / Tesla Motors, Inc.

Dear Neama Barari:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

August 22, 2023

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202308-21710922
Right to Sue: Santana / Tesla Motors, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

August 22, 2023

Vanessa Santana
2930 Ross Avenue
Riverbank, CA 95367

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202308-21710922
Right to Sue: Santana / Tesla Motors, Inc.

Dear Vanessa Santana:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective August 22, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Vanessa Santana

CRD No. 202308-21710922

Complainant,

vs.

Tesla Motors, Inc.
1 Tesla Rd.
Austin, TX 78725

Respondents

---

**1.** Respondent **Tesla Motors, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Vanessa Santana**, resides in the City of **Riverbank,** State of **CA.**

**3.** Complainant alleges that on or about **November 15, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's other, disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was denied hire or promotion, other.

**Additional Complaint Details:** Plaintiff is a 31-year-old woman with a hearing impairment rendering her deaf.  However, Plaintiff is able to perform virtually all of her daily tasks without issue, including driving and communicating with colleagues using a combination of oral speech, lip-reading, and American Sign Language (ASL).

On or around December 15, 2021, Plaintiff received her certification to operate a forklift.

In or around October 2022, Plaintiff applied for employment at Tesla's facilities in Lathrop. Plaintiff specifically applied for an open Material Handler position, a job which would

-1-
*Complaint – CRD No. 202308-21710922*

Date Filed: August 22, 2023

CRD-ENF 80 RS (Revised 12/22)

potentially allow her to utilize her forklift certification and start a career with upward trajectory at Tesla.

As part of the application process, Plaintiff disclosed to Defendant that she was deaf. Plaintiff also learned that the position would indeed entail using Materials Handling Equipment (MHE), something which Plaintiff was capable of performing.

At all relevant times alleged herein, Plaintiff was qualified for the Material Handler position and was able to perform the essential job responsibilities of the position, with or without reasonable accommodation.

In late October 2022, Defendant invited Plaintiff to attend an onsite interview for the position on November 2, 2022.

On November 2, 2022, Plaintiff arrived at Tesla's facilities for her interview.  However, after waiting in Tesla's warehouse for some time, Plaintiff was eventually asked to go home, purportedly because Tesla did not have an ASL interpreter available for her.  A Tesla representative told Plaintiff that Tesla would reach out to her to reschedule her interview after it had arranged for an ASL interpreter.

Plaintiff waited for approximately 11 days but never heard anything further from Tesla. Finally, on November 13, 2022, Plaintiff sent an email to Tesla employee Jeremy Silva ("Silva") stating, "Hello, I'm still waiting for reschedule with interpreter."

The next day, on November 14, 2022, Silva responded to Plaintiff, "We will unfortunately not be able to reschedule as you had put 'Yes' for the MHE question on our form we had sent you.  Since you had said you are deaf, you will not be able to hear other PIT drivers honking their horn which is critical for safety and operating MHE is a requirement for this position. Thank you and have a great day."

That same day, Plaintiff responded to Silva, "I do have certification pick order.  That is discrimination".  However, on November 15, 2022, Silva replied, "We are not saying you can't work at Tesla at all, please feel free to apply for other positions with us.  For Material Handler though, you must be able to hear in order to safely operate our MHE."

Plaintiff was ultimately never permitted to interview for the open Material Handler position and was instead summarily denied the hiring and/or opportunity to receive training leading to employment due to her perceived disability.

-2-

Date Filed: August 22, 2023

VERIFICATION

I, **Neama Cory Barari**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On August 22, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Calabasas, California**

-3-

*Complaint – CRD No. 202308-21710922*

Date Filed: August 22, 2023

CRD-ENF 80 RS (Revised 12/22)

# EXHIBIT B



3:39

**Tesla | Onsite Interview Confirmation - Material Handler (Lathrop)** Inbox

J  Jeremy Silva  Oct 31, 2022
to Jeremy, Nicole ˅

PLEASE CONFIRM

Hello!

You are confirmed for your onsite interview with Tesla on Wednesday, November 2nd at 10:30 AM PT. **Please see the details below to ensure a successful onsite interview.**

1st Step - Please arrive at least 15 minutes prior to your interview at our parts distribution center at **17100 Murphy Pkwy, Lathrop, CA 95330**. Google Maps You will see on-site interview signs directing you toward the location of your interview. See below for the map of our facility, and the red star indicates the entrance to use.

2nd Step – The admin doors will be locked; please wait to be let into the lobby for your interviewer.

# EXHIBIT C

From: **Jeremy Silva** <jersilva@tesla.com>
Date: Tue, Nov 15, 2022 at 8:36 AM
Subject: RE: Interview
To: Vanessa Ramirez <vannecrista.vr@gmail.com>
CC: Nicole Raley <nraley@tesla.com>

Hi Vanessa,

We are not saying you can't work at Tesla at all, please feel free to apply for other positions with us. For Material Handler though, you must be able to hear in order to safely operate our MHE.

Career link: https://www.tesla.com/careers/search/?site=US

Thank you for applying and have a great day!

From: Vanessa Ramirez <vannecrista.vr@gmail.com>
Sent: Monday, November 14, 2022 3:04 PM
To: Jeremy Silva <jersilva@tesla.com>
Subject: Re: Interview

I do have certification pick order. That is discrimination

On Mon, Nov 14, 2022, 1:34 PM Jeremy Silva <jersilva@tesla.com> wrote:

Hi Vanessa,

We will unfortunately not be able to reschedule as you had put "Yes" for the MHE question on our form we had sent you. Since you had said you are deaf, you will not be able to hear other PIT drivers honking their horn which is critical for safety and operating MHE is a requirement for this position.

1

Thank you and have a great day,


**From:** Vanessa Ramirez <vannecrista.vr@gmail.com>
**Sent:** Sunday, November 13, 2022 12:11 PM
**To:** Jeremy Silva <jersilva@tesla.com>
**Subject:** Interview


Hello, I'm still waiting for reschedule with interpreter.

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within cause; my business address is 901 Page Avenue, Fremont, California 94538.  On the date set forth below, I served the attached:

### DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

on the following interested party(s) in said cause:

Marshall A. Caskey (mcaskey@caskeyholzman.com)
Daniel M. Holzman (dholzman@caskeyholzman.com)
N. Cory Barari (nbarari@caskeyholzman.com)
CASKEY & HOLZMAN
24025 Park Sorrento, Suite 400
Calabasas, CA 91302
Telephone: (818) 657-1070

**[   ] VIA MAIL -- CCP §1013(a), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Fremont, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

**[   ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**[ X ] VIA E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**
I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  I am readily familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s) and any such documents would be transmitted in the ordinary course of business.

**[   ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct and that this declaration was executed on September 28, 2023, at Fremont, California.

Lisa Flegenheimer